**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RASHAUN BARKLEY,                          :
                                          :        Civil Action No. 07-4774 (SRC)
                    Plaintiff,            :
                                          :
          v.                              :        **OPINION**
                                          :
ESSEX COUNTY PROSECUTORS                  :
OFFICE, et al.,                           :
                                          :
                    Defendants.          :

**APPEARANCES:**

> RASHAUN BARKLEY, Plaintiff <u>Pro Se</u>
> # 260734 SBI #8610708B
> 4B - RGT - #11 (MCU)
> New Jersey State Prison
> P.O. Box 861-4B
> Trenton, New Jersey 08625

**CHESLER**, District Judge

Plaintiff Rashaun Barkley, currently confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed <u>in forma pauperis</u>, pursuant to 28 U.S.C. § 1915(a) (1998), and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.   BACKGROUND

The Complaint names the following defendants: the Essex County Prosecutor's Office; Paula T. Dow, Esq., Essex County Prosecutor; and Howard Zuckerman, Esq., prosecuting attorney in the Essex County Prosecutor's Office.  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff, Rashaun Barkley ("Barkley") alleges that the named defendants have violated his First, Sixth, Eighth and Fourteenth Amendment rights by refusing to disclose certain polygraphic examinations in their possession relating to plaintiff's 1994 state court trial and conviction.

In 1994, Barkley was convicted in a New Jersey state court on various charges including armed robbery and felony murder. Barkley, along with two other co-defendants, Thomas Parker and John Florence, had been implicated by Alfukuuan Maing and Syhim

Jackson in the murder of a young woman.  Jackson and Maing gave sworn statements to the police in 1993 attesting that Parker shot the woman and that Florence and Barkley were involved.  At Parker's trial, both Maing and Jackson recanted their statements. It was later revealed that Maing and Jackson had been threatened by an individual named James Stokes[1] if they testified against Parker.  The prosecutor dropped the perjury charges against Maing and Jackson and they testified at Parker's trial, as well as plaintiff's trial confirming Parker, Barkley, and Florence had been involved in the murder.  Barkley notes that James Stokes was never called as a witness regarding his threats against Maing and Jackson.

Barkley states that he was found guilty by a jury on April 7, 1994 and sentenced to life in prison with a 50-year parole disqualifier on April 21, 1994.  Barkley then appealed his conviction and sentence to the Superior Court of New Jersey, Appellate Division.  The Appellate Division affirmed both conviction and sentence, and the Supreme Court of New Jersey denied certification in 1997.  Thereafter, Barkley filed a state petition for post-conviction relief ("PCR"), which was denied.

In 2004, Barkley retained counsel who had obtained statements from Maing and Jackson recanting their 1994 trial

---

[1]  It appears that Stokes is a relative of Barkley.  See Complaint at ¶ 39.

testimonies against Parker and Barkley.  Barkley sought a new trial.  On November 10, 2005, a hearing was conducted before the Honorable Theodore A. Winard, J.S.C.  Barkley's counsel had made a motion to compel the defendants in this action (the Essex County Prosecutor's Office and Zuckerman) to turn over the polygraphic examinations given to Maing and Jackson by the Essex County Prosecutor's Office before the trials in 1993 and 1994. These polygraphic examinations allegedly were never disclosed to Barkley before his 1994 trial.  Judge Winard denied the motion to compel and the state PCR petition.  Barkley appealed the decision on December 22, 2005 to the Appellate Division.  He states that the appeal is currently pending at the time this present Complaint was filed.

Barkley now brings this action in federal court to obtain the polygraphic examinations taken of Maing and Jackson.  Barkley contends this information will be favorable to him in challenging his conviction because it will show that Maing and Jackson only changed their statements and alleged threats by Stokes so as to avoid perjury charges.  Barkley argues that he could use these polygraphic examinations in support of his arguments now on appeal in state court.

Barkley seeks only to compel the production of the polygraphic examinations and asks that defendants be enjoined

4

from retaliating against plaintiff for expressing his First
Amendment right in filing this Complaint.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-
134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),
requires a district court to review a complaint in a civil action
in which a prisoner is proceeding in forma pauperis or seeks
redress against a governmental employee or entity.  The Court is
required to identify cognizable claims and to sua sponte dismiss
any claim that is frivolous, malicious, fails to state a claim
upon which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief.  28 U.S.C. §§
1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United
States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must
"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff."  Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court
need not, however, credit a pro se plaintiff's "bald assertions"
or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.

2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### II.   **ANALYSIS**

Upon review of the Complaint, Barkley appears to assert a claim of prosecutorial misconduct in refusing to disclose the polygraphic examinations of trail witnesses Maing and Jackson. Barkley is hoping to use this evidence of polygraphic

examinations to challenge his state court conviction.  He admits
that his state court PCR petition is currently pending on appeal
in the state appellate court and that the substance of the PCR
petition relates to the polygraphic examinations.

This Court finds that the Complaint must be dismissed at
this time because Barkley's appeal from denial of his state PCR
petition on this issue of the polygraphic examinations is
currently pending before the Superior Court of New Jersey,
Appellate Division.  Barkley's claim is nothing more than a
veiled attempt to challenge to his state court conviction in this
federal court.  Accordingly, any claim of prosecutorial
misconduct as alleged here must first be exhausted via state
court remedies, i.e., by direct appeal or other available state
court review; and then, if appropriate, by filing a federal
habeas application to assert any violations of federal
constitutional or statutory law, namely, his claim of
prosecutorial misconduct.  Preiser v. Rodriguez, 411 U.S. 475
(1973).  Here, Plaintiff admits that his state court appeal from
denial of state PCR relief is still ongoing.[2]

_____

[2]  This Court also notes that Barkley already had filed a
petition for a writ of habeas corpus under 28 U.S.C. § 2254 in
2001.  In that proceeding, Barkley v. Ortiz, et al., Civil No.
01-4530 (FSH), challenged his conviction on various other
grounds, including ineffective assistance of counsel, improper
out-of-court photo-array identification, and incorrect jury
instructions on accomplice liability, etc.  The district court
denied habeas relief, finding no violation of a federal
constitutional right.  Accordingly, if Barkley wishes to file a

8

Therefore, because any claim of prosecutorial misconduct must be asserted under a federal habeas petition after Barkley has fully exhausted his state court remedies, this Complaint asserting liability under § 1983 must be dismissed for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Further, to the extent that Barkley wishes merely to obtain copies of the polygraphic examinations, a request for this discovery must be made in his ongoing state court proceedings. Barkley admits that his request to compel this evidence was denied by the state court during his state PCR proceedings. As a general rule, matters of state law and rules of procedure and evidence are not reviewable in a federal habeas petition. The Supreme Court has stated that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). See also Johnson v. Rosemeyer, 117 F.3d 104, 112-15 (3d Cir. 1997); Keller v. Larkins, 251 F.3d 408, 416 n.2 (3d Cir.), cert. denied, 534 U.S. 973 (2001). Federal courts must afford the states deference in its determinations regarding evidence and procedure. See Crane v. Kentucky, 476 U.S. 683, 690 (1986). It is well-established that "a state court's misapplication of its

---

second or successive § 2254 habeas petition based on this alleged newly discovered evidence, he first must seek leave from the United States Court of Appeals for the Third Circuit. 28 U.S.C. § 2244(b).

own law does not generally raise a constitutional claim.  The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."  Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997)(citations omitted), cert. denied, 522 U.S. 1109 (1998).

However, evidentiary rulings may violate due process when the petitioner "was denied fundamental fairness at trial." Hutchins v. Hundley, 1991 WL 167036 at *4 (D.N.J. Aug. 22, 1991)(Wolin, J.)(citations omitted); see also Kontakis v. Beyer, 19 F.3d 110, 120 (3d Cir. 1994), cert. denied, 513 U.S. 881 (1994); Lisenba v. California, 314 U.S. 219, 228, 236 (1941)(holding that state court's evidentiary rulings may form the basis for habeas relief when they "so infused the trial with unfairness as to deny due process of law").  Here, however, the evidentiary ruling or discovery motion was not made during Barkley's trial, but rather during his state PCR proceedings. Infirmities in a state PCR proceeding do not raise constitutional questions in a federal habeas action.  See Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998)("what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation").  Thus, errors in state post-conviction relief proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief.  Hassine, 160 F.3d at 954.

10

## V. CONCLUSION

Therefore, for the reasons expressed above, the Court will dismiss the Complaint without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and § 1915A(b)(1).  An appropriate Order follows.

STANLEY R. CHESLER
United States District Judge

Dated: March 4, 2008

11